IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN MORTGAGE CORPORATION,

        Plaintiff,

  v.

LORENA TAPIA, et al.,

        Defendants
                                /

No. C-10-0929 MMC

**ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS; REMANDING ACTION**

      Before the Court is defendant Victor Lopez's ("Lopez") Notice of Removal, filed March 4, 2010, in which he asserts the Court has diversity jurisdiction over plaintiff Federal Home Loan Mortgage's complaint against him.[1] Also before the Court is Lopez's application to proceed in forma pauperis, filed March 4, 2010.[2]

      A district court has diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." See 28 U.S.C. § 1332(a). A district court must remand a removed case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." See 28 U.S.C. § 1447(c).

---

[1] A second defendant, Lorena Tapia, has not joined in the notice of removal.

[2] Good cause appearing, the application to proceed in forma pauperis is hereby GRANTED.

Lopez bears the burden of establishing that the Court has jurisdiction over the complaint. See Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir.1997). In that respect, Lopez has failed to allege, let alone meet his burden to establish, the parties hereto are citizens of different States. Although Lopez alleges he is a citizen of California and that plaintiff is a citizen of Virginia, Lopez fails to allege that the other defendant, specifically, Lorena Tapia, is a citizen of a state other than Virginia.

Moreover, even if each defendant is a citizen of a state other than Virginia, it is readily apparent from the face of the complaint that the amount in controversy does not exceed the sum of $75,000. See Abrego v. The Dow Chemical Co., 443 F.3d 676, 690 (9th Cir.2006) (holding district court, for purpose of determining jurisdiction, should examine whether it is "facially apparent" from complaint that amount in controversy does not exceed sum of $75,000). Plaintiff's sole claim is for unlawful detainer. On its face, the complaint seeks actual damages of $300 per day, accruing as of July 31, 2009 (see Compl. ¶ 9), and statutory damages in the amount of $600 (see Compl. ¶ 10), for a total award "not exceed[ing] $10,000" (see Compl. at 1). Lopez offers no evidence to show that, contrary to the complaint, the amount in controversy in fact exceeds the sum of $75,000.

Consequently, the Court lacks subject matter jurisdiction over the complaint. See Singer, 116 F.3d at 376 (9th Cir.1997) (holding where "plaintiff does not claim damages in excess of [$75,000] and the defendant offers no facts whatsoever to show that the amount in controversy exceeds [$75,000], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied").

Accordingly, the complaint is hereby REMANDED to the Superior Court of the State of California, in and for the County of Madera.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 11, 2010

MAXINE M. CHESNEY
United States District Judge

2